HEARD NOV. TERM, 1871.

BRADLEY vs. RODELSPERGER.

That a widow has no child or children, is of itself no ground for holding that she is not entitled to the homestead exemption allowed by the Constitution.

The word "family," in Art. II, Sec. 32, of the Constitution, providing for a homestead exemption, is to be taken in its ordinary sense, and does not necessarily include children.

BEFORE MOSES, J., AT NEWBERRY, OCTOBER TERM, 1871.

The case, as stated for this Court by the Circuit Judge, is as follows :

This appeal was heard on the pleadings and the grounds of appeal from the decree of the Hon. John T. Peterson, Probate Judge for Newberry, dated the 17th day of November, A. D. 1869.

By the pleadings, it appears that the petitioner is the widow of one Richard L. Bradley, who died in 1865. That the said Richard L. Bradley, during his lifetime, occupied, as the owner thereof, a house and lot in the town of Newberry as his family residence. That since his death, his widow, Mrs. Emmeline Bradley, the petitioner, has continuously occupied said house and lot. And that the said Emmeline Bradley has no children.

It is the judgment of this Court that, under the Constitution of this State, and the Acts of the General Assembly, passed in pursuance thereto, a widow, without child or children, is not entitled to a homestead in the lands of her deceased husband.

It is ordered and adjudged that the appeal be dismissed, and that the decree of the Probate Judge, which is appealed from, be affirmed.

The petitioner appealed from the judgment dismissing the appeal, and now moved this Court to reverse the same:

Because his Honor erred in deciding that the appellant, who is a widow, and the head of a family, without child or children, is not entitled to a homestead, under the Constitution and laws of this State.

*Fair*, for appellant.

March 8, 1872. The opinion of the Court was delivered by

WILLARD, A. J. The case before us involves the single question whether a widow without child or children can interpose a homestead exemption under Art. II, Sec. 32, of the Constitution.

The Constitution declares that the family homestead of the head of each family residing in this State, as thereby defined, and to a limited extent, shall be exempt from attachment, levy or sale on any mesne or final process issued from any Court. We held *in re Sarah Kennedy* that the object of the protection afforded by the homestead clause of the Constitution was the family, the head of the family standing as its representative.

The Constitution has not given any definition of the term family, nor indicated any of its necessary ingredients; the term must, therefore, be taken in its ordinary sense. In this sense, it is not essential that it should include children.

There is no ground for holding that a person without child or children cannot occupy the position of head of a family.

The decree of the Circuit Court should be reversed, and the case remanded for further consideration. The facts on which the decree were based not having been fully brought before us, we cannot finally adjudicate the right of the claimant to a homestead exemption.

*Moses*, C. J., and *Wright* A. J., concurred.